IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:13CR191-REP |
| | ) | |
| TREVER TUTWILER, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Dana J. Boente, Acting United States Attorney for the Eastern District of Virginia, Erik

S. Siebert, Assistant United States Attorney, the defendant, Trever Tutwiler, and the defendant's

counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal

Procedure.   The terms of the agreement are as follows:

1.    **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count One of the Criminal Information.   Count

One of the Criminal Information charges the defendant with Conspiracy to Possess with the

Intent to Distribute Methylone, in violation of Title 21, United States Code, Section 846.   The

penalty for this offense is a maximum term of 20 years of imprisonment, a fine of $1,000,000, a

special assessment, and at least 3 years of supervised release.

The defendant understands that this supervised release term is in addition to any prison

term the defendant may receive, and that a violation of a term of supervised release could result

in the defendant being returned to prison for the full term of supervised release.

2.    **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged

offense.   The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt.   The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines. Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States will recommend to the Court that:

a.      The United States and the defendant agree that pursuant to Section 2D1.1(c) of the Sentencing Guidelines, relating to Drug Quantity, to include relevant conduct, the defendant possessed with the intent to distribute a controlled substance that converts to 295 kilograms of marijuana, which includes a total of 1181.7 grams of methylone, a Schedule I controlled substance, and the conversion of $3,173 of United States currency in drug proceeds to methylone (Base Offense Level 26).

b.      The United States and the defendant agree that pursuant to Section 2D1.1(b)(14)(C), an enhancement applies to this case because the defendant agrees to an adjustment under § 3B1.1 and the defendant was directly involved in the importation of a controlled substance, adding an additional two points to his Base Offense Level.

c.      The United States and the defendant agree that pursuant to Section 3B1.1(c), a organizer, leader, manager, or supervisor adjustment applies to this case, adding an additional two points to his Base Offense Level.

d.      The defendant timely notified the authorities of his intention to plead guilty in this matter, entitling him to a 3 level reduction for acceptance of responsibility under USSG § 3E1.1.   This recommendation will remain in effect provided the

2

defendant does not do anything inconsistent with full acceptance of responsibility prior to sentencing.

The defendant agrees with this recommendation.   The defendant understands that this agreement is merely a recommendation and is not binding on the sentencing judge.   Further, this agreement does not address the application of any other sentencing enhancements that may apply in this case.

### 3.   Assistance and Advice of Counsel

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.   The defendant understands that the rights of criminal defendants include the following:

   a.      the right to plead not guilty and to persist in that plea;

   b.      the right to a jury trial;

   c.      the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

   d.      the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

### 4.   Role of the Court and the Probation Office

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate

3

of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court.    Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness.    The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

### 5.    Waiver of Appeal, FOIA and Privacy Act Rights

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.    Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement.    This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).    The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 6.     Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

### 7.     Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury.   If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.   If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8.     Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the criminal information or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the criminal information as an offense.   In such a prosecution the United States may allege and prove

5

conduct described in the information or statement of facts.  "Crime of violence" has the meaning set forth in Title 18, United States Code, Section 16.

### 9.  Forfeiture Agreement

The defendant agrees to forfeit all interests in any drug or firearm related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense.  In particular, this includes but is not limited to the following: (1) $3,173 in United States currency.  The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case. Defendant admits and agrees that the conduct described in the charging instrument and statement of facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 10.  Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is

6

accepted as required by Rule 11(b)(1)(J).   The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.   The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property involved in illegal conduct giving rise to forfeiture, substitute assets for property otherwise subject to forfeiture.

### 11.   The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past year.   The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.   The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

### 12.   Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel.   The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty.   Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

DANA J. BOENTE
Acting United States Attorney

By: _____
Erik S. Siebert
Assistant United States Attorney

8

<u>Defendant's Signature:</u>   I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information.   Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.   I have read this plea agreement and carefully reviewed every part of it with my attorney.   I understand this agreement and voluntarily agree to it.

Date: _____

Trever Tutwiler
Defendant

<u>Defense Counsel Signature:</u> I am counsel for the defendant in this case.   I have fully explained to the defendant his rights with respect to the pending criminal information.   Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant.   To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _____

Edward Whitlock
Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account
This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 3:13CRXXX |
| DEFENDANT'S NAME: | Trever Tutwiler |
| PAY THIS AMOUNT: | $100 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**
   *CLERK, U.S. DISTRICT COURT*

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3. **PAYMENT SHOULD BE SENT TO:**

| | In person (9 AM to 4 PM) | By mail: |
|---|---|---|
| **Alexandria cases:** | **Clerk, U.S. District Court** **401 Courthouse Square** **Alexandria, VA 22314** | |
| **Richmond cases:** | **Clerk, U.S. District Court** 701 East Broad Street, Suite 3000 **Richmond, VA 23219** | |
| **Newport News cases:** | **Clerk, U.S. District Court** **2400 West Ave, Ste 100** **Newport News, VA   23607** | |
| **Norfolk cases:** | **Clerk, U.S. District Court** **600 Granby Street** **Norfolk, VA 23510** | |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT