IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 3:13CR191-REP |
| | ) | |
| TREVER TUTWILER, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

The United States and the defendant agree that the factual allegations contained in this Statement of Facts and in Count One of the Criminal Information are true and correct, and that the United States could have proven them beyond a reasonable doubt.

1. Beginning in and around May 2013 and continuing through July 29, 2013, in the Eastern District of Virginia, and elsewhere within the jurisdiction of this Court, the defendant, TREVER TUTWILER, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with others known and unknown, to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of methylone, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

2. On July 29, 2013, a border search was conducted on an international United States Postal package sent from Nanjing, China, destined for 7812 Hermitage Rd, Richmond, Virginia. Upon a border inspection, the parcel was found to contain a bubble wrapped silver package labeled "L-Glutamine Crystal." The silver package contained a substance that appeared to look like rock candy. Agents determined that the destination address, 7812 Hermitage Rd, Richmond, Virginia, was a residence used by Trever Tutwiler. The substance was field tested and indicated a positive

result for the presence of Methamphetamine and MDMA. This field test has also been known to test positive for the presence of bk-MDMA (Methylone).

3. On July 29, 2013, the Homeland Security Investigations, Richmond, VA office obtained an anticipatory search warrant for 7812 Hermitage Rd, Richmond, Virginia, and in cooperation with other law enforcement partners conducted a controlled delivery of the package to the residence. The package was delivered and left on the ground in front of the entrance of the residence. Subsequently, Tutwiler exited the residence and retrieved the package from the ground taking the package inside. Tutwiler did not open the package, but placed it in his backpack and exited the residence prior to leaving the area in his vehicle. The anticipatory search warrant was not executed.

4. Tutwiler's vehicle was followed and the Henrico County Police Department (HCPD) conducted a traffic stop. An HCPD canine unit alerted to the presence of narcotics in Tutwiler's vehicle and a subsequent search revealed Tutwiler in possession of the Methylone package, other narcotics, and $3173 in United States currency.

5. Tutwiler was arrested and transported to an HCPD precinct where he was presented with a form stating his *Miranda* rights. Tutwiler stated that he understood his rights, signed the form, and agreed to speak with law enforcement about the package. During the interview of Tutwiler, he admitted ordering 1,000 grams of Methylone from an overseas website, paid using Western Union, and that Tutwiler suspected that the package contained Methylone. Tutwiler stated that he purchased the package with several co-conspirators for further distribution in the Eastern District of Virginia and elsewhere. Upon delivery of the package, Tutwiler admitted he was going to distribute the Methylone for later re-sale and split the profits with his co-conspirators.

6. The package was later sent to the Commonwealth of Virginia Department of Forensic Science for analysis. The analysis revealed the substance to be 1001.7 grams of solid material found to contain Methylone, a Schedule I controlled substance.

7. The total amount of Methylone purchased and possessed by Tutwiler and his co-conspirators during the course of the conspiracy, 1001.7, was possessed with the intent to distribute and sell for profit. The Methylone possessed by Tutwiler was not for personal use. The amount of United States currency seized from Tutwiler's person during his arrest, $3,173, was proceeds from narcotics trafficking. This currency amount converts to 180 grams of Methylone at the current market price. The defendant agrees to this conversion and the rate set forth.

Respectfully submitted,

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By: _____
Erik S. Siebert
Assistant United States Attorney

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

11/18/13
Date

Trever Tutwiler
Defendant

I am counsel for defendant, TREVER TUTWILER. I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

11/18/13
Date

Edward Whitlock
Counsel for Defendant